UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br><br>          Plaintiff,<br><br>    v.<br><br>CDCR, ET. AL.,<br><br>          Defendants. | CASE NO. 15-CV-1067-SJO-PJW<br><br>ORDER REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS AND DISMISSING ACTION WITHOUT PREJUDICE |

On May 29, 2015, Plaintiff, a state prisoner incarcerated at California Rehabilitation Center, filed a civil rights action under 42 U.S.C § 1983, claiming that his constitutional rights were being violated by the California Department of Corrections and others. (Doc. No. 1.) Plaintiff also filed a request to proceed *in forma pauperis* ("IFP"), which was granted. (Doc. Nos. 2, 7.) Defendants now move under 28 U.S.C. § 1915(g) to revoke Plaintiff's IFP status, arguing that he had six strikes at the time the Court approved his IFP application. Plaintiff opposes the motion. For the following reasons, Defendants' motion to revoke Plaintiff's IFP status is granted and the action is dismissed without prejudice.

Under 28 U.S.C. § 1915(g), a prisoner is not allowed to proceed IFP if he has had three previous cases dismissed because they were

frivolous, malicious, or failed to state a claim upon which relief can be granted. Defendants have provided the Court with six cases that they claim constitute strikes.[1] Plaintiff argues that one of these six cases was filed by another individual named Paul Adams but does not challenge the validity of the other five. Thus, even without that case, Plaintiff has sustained five strikes.

Plaintiff argues that he should still be allowed to proceed IFP because he falls within the exception to the three strikes provision for prisoners who are in imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g). He complains that he is being exposed to "black mold asbestos," which is being spread through animals near the prison. He claims that a corrections officer told him that certain buildings near the prison grounds were unstable, that there was asbestos in them, and that, if there was an earthquake and the buildings collapsed, the asbestos would become airborne.

Even assuming that Plaintiff's claims were true, they are not enough to establish imminent danger of serious physical injury under § 1915(g). *See Polanco v. Hopkins,* 510 F.3d 152, 155 (2d Cir. 2007) (affirming district court's denial of IFP status where three-strike prisoner alleged speculative health risks associated with exposure to mold); *Tierney v. Atkins*, 2012 WL 2021373, at *3 (D. Haw. June 4,

---

[1] *Adams v. Small, et. al.*, CV 12-55328 (9th Cir.) (dismissed for failure to state a claim); *Adams v. Gottlieb, et. al.*, CV 09-3027 (C.D. Cal.) (denying in *forma pauperis* on the grounds that the case was *Heck* barred); *Adams v. Gottlieb, et. al.*, CV 07-6820 (C.D. Cal.) (barred by *Heck v. Humphrey*); *Adams v. Baca, et. al.*, CV 99-5169 (C.D. Cal) (dismissed for failure to state a claim); *Adams v. Raske, et. al.*, CV 11-243 (S.D. Cal.) (dismissed for failure to state a claim, frivolity, failing to comply with Rule 8 and a court order); *Adams v. Small, et. al.*, CV 10-1211 (S.D. Cal.) (dismissed for failure to state a claim).

2012) (rejecting three-strike prisoner's claim that he met serious danger exception to § 1915(g) because he was in danger from asbestos in his cell).

    For these reasons, Plaintiff's case is dismissed without prejudice. *See O'Neal v. Price*, 531 F.3d 1146, 1156 (9th Cir. 2008) (affirming district court's dismissal of case without prejudice where prisoner had accumulated three strikes). He may refile the Complaint if he chooses provided that he pays the full filing fee at the time of filing.

    IT IS SO ORDERED.

DATED: January 27, 2016.

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\vcruz\AppData\Local\Temp\notesC7A056\ORD_Revoking Ps IFP Status.wpd